IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Paul G. Wersant<br><br>Plaintiff<br>v.<br><br>Bluegrass Lending LLC,<br>Lionheart Funding LLC,<br>Thaddeus Voss,<br><br>Defendants | Civil Action No. 26-4342 |

**COMPLAINT**

Plaintiff sues the Defendants as follows:

1. Under 28 U.S.C. § 1332 (a)(1), Mr. Wersant is an individual domiciled in and a citizen of California, who has standing to bring this case under Article III of the Constitution.

2. Under 28 U.S.C. § 1332 (a)(1), Defendant Voss is an individual domiciled in and a citizen of Florida or Kentucky, sole member of the Lionheart ad Bluegrass, who habitually engaged in their illegal conduct at issue as part of their business.

3. Defendants are related to each other and bound by the debt at issue due to their ratification of same or conduct in which they participated, and it is foreseeable they are subject to it.

**Statement of Facts**

4. Mr. Wersant was introduced to the Defendants in December 2022 by Daniel Sharony, who brokers and originates MCA loans in New York. Mr. Wersant worked from his Georgia office.

5. Defendants began referring collection cases to Mr. Wersant in Georgia, while consenting to Retainers and exchanging agreements establishing their legal relationship. They worked with him extensively from Georgia to set up a collection business as detailed in his attached invoice.

6. For example, on 3/21/23, the Defendants referred an MCA Loan to Mr. Wersant for collections under the name of Tummy Heaven LLC, dated 3/13/23, which encumbered it's A/R valued at $67,455.00 under the Loan, collected by the Defendants debiting certain receipts from its business bank account until the full price was received [Agreement ¶¶ 1].whose sole member and guarantor was Matthew Coldwell, located at 2415 Carmellia LN, NE Apt 1208, Atlanta GA 30324-6231.

7. The Defendants wrote Mr. Wersant about Tummy Heven as follows:

From: **Eric Medlin** <emedlin@lhfundgroup.com>
Date: Tue, Mar 21, 2023 at 2:47 PM
Subject: BEGIN COLLECTIONS: TUMMY HEAVEN LLC
To: Paul W. <pwersant@gmail.com>
Cc: Thaddeus Voss <tvoss@lhfundgroup.com>, Henry Dent <hdent@lhfundgroup.com>, Lionheart Funding <funding@lhfundgroup.com>

Good Afternoon Paul,

Please see attached for new file. We funded this merchant $45,000 on 3/13/2023 and he cleared 2 payments and then had a return code of R29 (Corporate customer advises not authorized).

He bought the company on June 18th, 2022 and switched bank accounts from Bank of America to Wells Fargo in February.

Matthew Coldwell
tummyheavenllc@gmail.com
770-508-6217
Balance - $71,017.82

Will send you payment history and UCC once it is sent over to me!

--
**Eric Medlin**
ISO Relations Manager
Lionheart Funding, LLC

(502) 415-6548
emedlin@lhfundgroup.com
44 W Flagler St, Suite 900, Miami, FL 33130

8. This referral resulted in Fulton Superior Court Case No 2023CV378311, filed 3/23/23.

9. The Defendants referred uncollectible cases to Mr. Wersant with prior state court judgments, fraudulently failing to disclose these issues to him, upon which he obtained judgments and settlements as detailed his demand letter and the Invoice which they never disputed and admitted.

10. For example, the Defendants referred the JMB Case to Mr. Wersant after they did not collect upon that state court judgment as their prior New York counsel admitted on 11/4/22 by stating:

**From:** Lindsay McKeefrey <lindsay@dfogelpc.com>
**Sent:** Friday, November 4, 2022 2:51 PM
**To:** Steve Wells <steve@wellspc.com>
**Cc:** Thaddeus Voss <tvoss@lhfundgroup.com>; chris@wellspc.com; David Fogel <david@dfogelpc.com>; Mitchell Levy <mlevy@lhfundgroup.com>; Lionheart <lionheart@dfogelpc.com>; Rebecca Greenberg <rebecca@dfogelpc.com>; emedlin@lhfundgroup.com; funding@lhfundgroup.com
**Subject:** Re: JMB HOUSTON RESURFACING INC and JOSE DEJESUS BARBOSA

We have records of the individual filing. We have judgment against the business and individual already but are having a hard time collecting since the individual filed and that is where he is keeping the funds it seems. Thank you, Lindsay McKeefrey

11. Mr. Wersant then obtained an settlement of the JMB case over $80,000.00 as shown by the email below, prior to those defendants filing bankruptcy, as shown by his email below, which the Defendants admitted and ratified by their acceptance on or about 02/10/23 as follows

Good morning Thaddeus and Eric,

I am providing the JMB update, although just after the promised one on Friday.

We have a payment plan for JMB as I discussed with Thaddeus on 1/23/23 - they were to pay $81,707.93 in the BK of the PG and his spouse which was increased to $111.707.00 to my negotiations and the later suit - which is unaffected by the BK as to the business and another related business. This debtor and his wife filed that amended bk plan reflecting those terms and to cure prior deficiencies with this BK. The trustee then filed a motion to dismiss this case the following day - precluding confirmation of the plan in early February as agreed. So, this BK is now set for a hearing on the trustee's motion to dismiss on 02/24/23.

I have reached out to bk counsel to see if they can cure the issue and we can possibly renegotiate the settlement as discussed with Thaddeus or if we can just settle out of court for different terms. They just confirmed they are willing to do so, and we are discussing further along with possibly a larger payment though the bk as Thaddeus requested

The suit was filed on 01/10/23 and was served on the debtor business, the PG and a related business on 01/12/23 - I had placed the suit on hold at least as to both companies while working on the settlement with the debtor to whom it was stayed. Clearly, this situation may change if the bk is dismissed.

I will have additional updates by tomorrow on JMB.

Sincerely,
Paul Wersant Attorney (MD, DC, GA, FL)
Telephone: 678-894-5876
Email: pwersant@gmail.com

Admitted in federal courts in CO, IL, IN, MI, MO, OH, OK, TN, TX, WI and pro-hac-vice in AZ, CA, OR, MT, NY, VA

12. On 07/21/24, the Court then entered its order in the JMB Case granting Mr. Wersant's Unopposed Motion to withdraw and for related relief including to enforce his Lien against the Defendants, who failed to appear in this case after receiving notice of it in which Mr. Wersant obtained a settlement of that case against those defendants as shown here

13. On 03/08/24, Mr. Wersant also obtained a settlement for the Defendants in *Lionheart Funding LLC v. Rockwell Defense, Jarred Forrest Lawyer and Kenneth Legrand*, D. Col Case No. 1:23-cv-00054-SKC as shown by the below email to which the Defendants did not respond.

14. On 03/08/24, Mr. Wersant wrote to Defendants of this Settlement which they accepted:

> ***I am also authorized to make a settlement offer of $180,000.*** *This would be paid $5K per month for three months starting March 15 (i.e., March, April, May). After the May payment, the monthly amount could be increased to $10K per month until paid. This would be to resolve the entire dispute between the parties and would be documented in a settlement agreement with the traditional terms such as confidentiality and mutual releases. This offer is covered by FRE 408 and state law equivalents. Please let me know if this is acceptable.*

15. Mr. Wersant secured this Settlement after obtaining an entry of default [Doc 12] on 03/09/23 against the Rockwell Defendants on commercial loan dated 03/24/22 [Closing] at which time the Defendants paid $250,000.00 to purchase receivables from Rockwell valued at $374,750.00,

16. This settlement followed the unsuccessful efforts of the Defendants to obtain a judgment or resolution of this matter against the defendants in the *Rockwell* New York State Court Case as shown by an email between Mr. Wersant and counsel for those Defendants as shown below:

> From: **Paul Wersant.** <pwersant@gmail.com>
> Date: Mon, Mar 13, 2023 at 2:58 PM
> Subject: Re: Rockwell Defense Group
> To: Barry Siegel <siegellaw100@yahoo.com>, Paul W. <pwersant@gmail.com>
> Mr. Siegel,
>
> I filed suit against your clients in Colorado, served them over a month ago and obtained an entry of default against them See below. The New York case has not reached a final judgment, and it is just inactive at this time. It is no defense to this one. I note many other suits in New York against them, most of which are being defended - at least one is not. I also know about one in Florida resulting in a default

judgment - none of these are domesticated in DC yet where your clients are located. Mine will be a different matter.

If your clients are so inclined then make me an offer by 4:45pm today to resolve this matter for a discounted sum which we will consider and then respond to that day. Otherwise, I will proceed to move for final judgment in this matter unless I hear from you today.

See FRE 408 - this is a settlement communication inadmissible for any purpose.

Sincerely,

Paul Wersant Attorney (MD, DC, GA, FL)
Telephone: 678-894-5876
Email: pwersant@gmail.com
Admitted in federal courts in
CO, IL, IN, MI, MO, OH, OK, TN, TX, WI
and pro-hac-vice in AZ, CA, OR, MT, NY, VA

17. The Defendants instead refused to communicate with Mr. Wersant but ratified the Settlement of the *Rockwell* Case after his withdrawal by accepting it on or about 04/17/24 [Doc 44] which they illegally conducted in this case without the appearance of counsel as they admitted.

18. Mr. Wersant is entitled to a lien against the property and assets of the Defendants, that they retained due to his services, to which his invoice and the Contract should be enforced of which he also provided notice in the Rockwell case under his undisputed Motion to Enforce His Lien, adopted by reference, stating in part that{ [See Doc 48, pp. 2-5]

19. Mr. Wersant conveyed an offer to settle this matter on or about 03/08/24 who withdrew [Doc 27] providing notice of his lien stating, "Also, Plaintiff's counsel reserves the right to record and enforce a lien in this action as provided by law." [Doc 25, pp. 2].

20. Mr. Wersant also withdrew due to Defendants' illegal actions to have a debt collector settle this action as disclosed by defense counsel below.

21. Defendants and the opposing counsel settled this case without replacement counsel for Defendants, contrary to Colo. R. Civ. P. 232.2, stating: "***Prohibition on the Unauthorized Practice of Law. Unless authorized by supreme court case law, federal law, tribal law, or other valid law, a nonlawyer may not engage in the practice of law. "Practice of law" includes the following:(1)***

***<u>Protecting, defending, or enforcing the legal rights or duties of another person;(2) Representing another person before any tribunal or, on behalf of another person, drafting pleadings or other papers for any proceeding before any tribunal</u>***;"

22. This same issue is presented by D. Colo. L. Atty. R. 5 (b) stating in part that: "Where the client of the withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity."

23. Defendants brought a heavily redacted Motion to Dismiss [Doc 39] misrepresenting the status of an alleged related New York action, essentially dormant at the time this one was filed, due to their delaying tactics in it, requiring this action, as detailed in the below email by their New York Counsel, Barry Siegal [not admitted in that Court] in which Mr. Wersant first proposed this settlement to which he never responded and admitted, which states as follows:

> From: Paul Wersant. Date: Mon, Mar 13, 2023 at 2:58 PM
> Subject: Re: Rockwell Defense Group
> To: Barry Siegel , Paul W. pwersant@gmail.com
>
> Mr. Siegel, I filed suit against your clients in Colorado, served them over a month ago and obtained an entry of default against them See below. The New York case has not reached a final judgment, and it is just inactive at this time. It is no defense to this one. I note many other suits in New York against them, most of which are being defended - at least one is not. I also know about one in Florida resulting in a default judgment - none of these are domesticated in DC yet where your clients are located. Mine will be a different matter. If your clients are so inclined then make me an offer by 4:45pm today to resolve this matter for a discounted sum which we will consider and then respond to that day. Otherwise, I will proceed to move for final judgment in this matter unless I hear from you today. See FRE 408 - this is a settlement communication inadmissible for any purpose. Sincerely, Paul Wersant Attorney (MD, DC, GA, FL) Telephone: 678-894-5876 Email: pwersant@gmail.com Admitted in federal courts in CO, IL, IN, MI, MO, OH, OK, TN, TX, WI and pro-hac-vice in AZ, CA, OR, MT, NY, VA

24. The New York case docket was omitted from the Motion to Dismiss by the Rockwell Defendants, who unreasonably refused to settle that debt at issue until being served by Mr. Wersant, which benefitted these Defendants who ratified and retained that settlement as they admitted.

25. [The Rockwell] Defendants brought a unsupported Motion for Sanctions [Doc 40, pp. 1-2] mispresenting (a) the basis for bringing this action (b) the reasons for Mr. Wersant's withdrawal, (c) who improperly served it upon him on behalf of Plaintiff on 03/29/29, over 3 weeks after his withdrawal [Doc 40, pp. 15] (d) which again lacks a certificate of conferral under D.C. Colo. L Civ. R. 7. 1 and (e) omits to mention the above issues with their New York Counsel and below admission of the UPL of the Defendants, which interfered with Mr. Wersant's efforts to resolve these cases:

> From: Henry Baskerville hbaskerville@fortislawpartners.com
> Date: Fri, Mar 8, 2024 at 12:17 PM
> Subject: RE: Lionheart v. Rockwell
> To: Paul W., Charles Carlin Cc: Anastasiya Karan, Justice Law Firm justicelawfirmgroup@gmail.com Paul: ***As an FYI, my client is being harassed by a debt collector who is trying to collect this same debt you're suing over.*** Henry Baskerville Fortis Law Partners 1900 Wazee Street, Suite 300 Denver, CO 80202 (303) 295-9700 main (303) 565-8066 direct (303) 295-9701 fax www.fortislawpartners.com

26. Defendants did not respond to and admitted Mr. Wersant's Lien Notice [Doc 47] stating:

> "Under O.C.G.A. § 15-19-14, CRS §§ 12-5-119, 12-5-120 and applicable law, ***Plaintiff's prior counsel, Paul Wersant provides notice of his lien for the reasonable value of his legal fees in this action at $650.00 per hour for at least 20 hours of work, as noticed in his Motion: "Also, Plaintiff's counsel reserves the right to record and enforce a lien in this action as provided bylaw." [Doc 25, pp. 2] Mr. Wersant's prosecution of this action resulted in its favorable resolution for Plaintiff [Doc 44-45] justifying this lien, filed before a final order [Doc 46] for which the Court should retain jurisdiction to enforce***."

27. Defendants then hired counsel to oppose the Motion for Lien of Mr. Wersant in the Rockwell Case, whose invalid insistence on raising the *defense of personal jurisdiction for the defaulted Defendants* caused that case to be dismissed by that Court on 05/7/24 as follows. [Doc 54]

> ORDER: In its Response [53] to the "Motion for Order to Enforce Lien for Fees of Mr. Wersant as to Settlement of this Case", ***Plaintiff has confessed this Court does not have personal jurisdiction over the Defendant[s]***. Consequently, the Court GRANTS Defendant's [39] Motion to Dismiss based on a lack of personal jurisdiction. **This case is dismissed without prejudice.** Any remaining pending motions are DENIED AS MOOT.
> The Clerk of Court shall close this case. SO ORDERED by U.S. District Judge S. Kato Crews on 5/7/2024. Text Only Entry (skclc1) Modified on 5/9/2024 to dismiss without prejudice (skcja, ). (Entered: 05/07/2024)

28. Mr. Wersant then ended his relationship with the Defendants and emailed them an Demand Letter and an Invoice for his legal services dated 01/18/24 for **$91,195.00** to which they did not respond and admitted.

29. The Retainers and Invoice between Mr. Wersant and the Defendants is an actual or implied contract in fact for his legal services to them, including a valid offer, acceptance and consideration which the Defendants accepted, adopted, ratified and must perform. [Contract]

30. Defendants failed to pay for Mr. Wersant's services in the Contract from which they benefitted as detailed in his Invoice and related correspondence including retaining the proceeds of a settlement, improperly obstructed it by their misconduct constituting the unauthorized practice of law [UPL] without being subjected to a lien or other adverse action upon it.

31. Instead, on 5/1/24 the Defendants issued a baseless, defamatory, illegal threatening email against Mr. Wersant in Maryland, though NY counsel, Steven Wells, constituting UPL on his part in violation of UPL statutes where Mr. Wersant is licensed and practiced including CO, GA, FL, MD, MI and TX; MD Stat. §10–60 (a) states "except as otherwise provided by law, a person may not practice, attempt to practice, or offer to practice law in the State unless admitted to the Bar.

32. Wells (a) has no license to practice law in any jurisdictions where Mr. Wersant filed the cases forming the basis for the Contract including CO, GA, FL, MD, MI and TX (b) is merely an MCA lawyer in an industry now under investigation by the New York Attorney for its illegal practices.

33. The misconduct of Defendants forced Mr. Wersant to withdraw from their legal matters whose Invoice and Contract owed by them to him remains unpaid for over $91,195.00 including his payments to process servers on various cases he handled for them as detailed in correspondence between the parties and the Invoice to which they did not respond and admitted.

34. All conditions precedent to suit to occurred, are fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

**Count I: Conversion, Theft of Services and Related Relief against the Defendants**

35. Mr. Wersant represented the Defendants in CO, FL, GA and MD as they admitted.

36. O.C.G.A. § 15-9-11 states: "In cases where an attorney has rendered such service but cannot render the balance of service due to the act of his client, providential cause, election to office, or removal out of the state, he is entitled to retain such amount or a due proportion thereof if collected, or if not collected, to bring an action to collect it."

37. O.C.G.A. §16-8-16 states "a person commits the offense of theft by services when by deception, with the intent to avoid payment, he knowingly obtains services, accommodations, entertainment or the use of personal property which is available only for compensation."

38. O.C.G.A. § 51-10-6 (a) states "any owner of personal property shall be authorized to to bring a civil action to recover damages from any person who willfully damages the owner's personal property or who commits a theft as defined in Article 1 of Chapter 8 of Title 16 involving the owner's personal property and the owner of the property may recover as follows:

> (a) In any such action, the property owner may recover compensatory damages which may include, in addition to the value of the personal property, any other loss sustained as a result of the willful damage or theft offense; and
> (b) In any such action in which the value of the total claim, including exemplary damages, is less than $5,000.00, the property owner may recover compensatory damages, as described in paragraph (1) of this subsection, and additionally may recover liquidated exemplary damages equal to $300.00 ***or triple the amount of the entire loss sustained by the property owner as a result of the willful damage or theft offense, whichever is greater, and the cost of maintaining the civil action***.

39. Mr. Wersant entered into an enforceable contract with the Defendants as shown by his Retainer and Invoice, who ratified his representation of which they had notice.

40. The Defendants covertly obtained their Colorado settlement, fraudulently transferred it to themselves and threatened Mr. Wersant with the extortionist and illegal communications of Steven Wells to illegally avoid paying Mr. Wersant in breach of the Retainer.

41. This misconduct of the Defendants was their intentional theft of Mr. Wersant's services, in breach of the Retainer which proximately and actually damaged him.

42. Mr. Wersant repeatedly made demand on the Defendants a year ago, who refused to pay him without any legal justification just to benefit themselves and steal his hard-earned fee.

43. The misconduct of the Defendants was malicious, intentional, fraudulent and reckless, who were grossly negligent and consciously indifferent to its consequences, which they ratified intending to harm Mr. Wersant, who is entitled to recovery for their theft of his services.

44. Mr. Wersant demands judgment against the Defendants for triple damages of $273,360.00 for his **$91,120.00.**in fees, a lien any property and assets acquired or financed by the Colorado settlement and all just relief.

**Count II: Unjust Enrichment: All Defendants**

45. Defendants induced and encouraged Mr. Wersant, to confer his legal services upon them, which they assumed, adopted, ratified, and benefited.

46. Mr. Wersant, provided benefits of his legal services to Defendants which they appreciated, consented, benefitted and ratified.

47. Defendants retained the benefits of Mr. Wersant's legal services, which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

48. Mr. Wersant demands judgment for $91,120.00 against the Defendants, costs, a lien on their property and assets to secure payment of his invoice and all just relief.

**Count III: Breach of Duty by the Defendants**

49. These illegal actions by the Defendants are the unauthorized practice of law [UPL] in violation of Colorado and Maryland law as shown above.

50. Defendants violated the UPL statutes in CO, GA, FL, MD, MI and TX and liable to Mr. Wersant as matter of negligence *per se*, intended to remedy his harm from UPL as shown here.

51. Mr. Wersant demand judgment against Defendants for compensatory, consequential, special, nominal, punitive and exemplary damages for $91,120.00. interest and costs and just relief.

52. Defendant Voss is not a not minor(s) or adjudged incompetent; was not in the military for the last 30 days and is not subject to protection under 50 U.S.C. § 3901.

Respectfully submitted this 16th day of October 2026.

By: */s/Paul G. Wersant*

Paul G. Wersant
40533 Corte De Opalo
Murrieta, California 92562
Telephone: (714)770-5444
Email: pwersant@gmail.com
Plaintiff *Pro-Se*